UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:17CV175

| | |
|---|---|
| **MICHAEL KEITH MAYBERRY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **NANCY A. BERRYHILL, Acting** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. No. 12) and the Commissioner's Motion for Summary Judgment (Doc. No. 16). Having carefully considered the motions and reviewed the record, the Court enters the following findings, conclusions, and Order.

**I. Administrative History**

Plaintiff Michael Keith Mayberry filed his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI") on June 24, 2014, alleging a disability onset date of August 5, 2011. Plaintiff subsequently amended his onset date to August 20, 2015. After Plaintiff's claim was denied both initially and on reconsideration, he requested and was granted a hearing. The Administrative Law Judge ("the ALJ") held a hearing on January 30, 2017. On April 3, 2017, the ALJ issued a unfavorable decision.

The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff timely filed this action, seeking judicial review of the ALJ's decision.

1

## II. Factual Background

In his decision, the ALJ at the first step determined that while Plaintiff worked part time after his amended alleged onset date, the work did not rise to the level of substantial gainful activity. (Tr. 30). At the second step, the ALJ concluded that Plaintiff has the following severe impairments: lumbar radiculopathy, cervicalgia, depression, anxiety, and a history of substance abuse disorder. (Tr. 32). At the third step, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 32-33).

The ALJ then found that Plaintiff has the following residual functional capacity ("RFC"):

to perform medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c) except that he is limited to climbing ladders occasionally. As for his mental residual functional capacity, he is capable of simple, routine, repetitive tasks in a stable environment at a non-production pace. He will be off-task for nine percent of the eight-hour workday.

(Tr. 33). Based on these limitations, the ALJ found in the fourth step that Plaintiff is precluded from performing his past relevant work as a jeweler and jewelry salesman. (Tr. 36). Finally, at the fifth step, the ALJ concluded that the Plaintiff retained the ability to perform other work available in significant numbers in the national economy. (Tr. 38-39). Accordingly, the ALJ found that Plaintiff was not disabled under the Act through the date of the decision. (Tr. 38).

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a

2

reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

**IV. Discussion**

On appeal, Plaintiff asserts that remand is warranted, alleging two errors by the ALJ: (1) that the ALJ failed to conduct a proper function-by-function analysis of Mr. Mayberry's impairments, and provide a logical bridge between the evidence in the record and his RFC findings; and (2) that the ALJ failed to account for all of Mr. Mayberry's mental limitations in the RFC.

Plaintiff first argues that the ALJ failed to conduct a proper function-by-function analysis of Mr. Mayberry's impairments, and provide a logical bridge between the evidence in the record and his RFC findings. RFC is defined as "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis[.]" SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996); accord *Mascio v. Colvin*, 780 F.3d 634, 636 (4th Cir. 2015). The Fourth Circuit requires that when an ALJ conducts the RFC analysis, he must conduct a function-by-function analysis, including "'a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).'" *Mascio*, 780 F.3d at 636 (quoting SSR 96-8p, 1996 WL 362207 (July 2, 1996)). The ALJ not only must make determinations and reach conclusions regarding the claimant's RFC, but when evaluating the evidence to make those conclusions, he must abide by the

3

admonition, "[s]how your work." *Patterson v. Commissioner*, 846 F.3d 656, 663. (4th Cir. 2017). Doing so allows the ALJ to "'build an accurate and logical bridge from the evidence to [the ALJ's] conclusion.'" *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). Without this "bridge," a "reviewing court has no way of evaluating the basis for the ALJ's decision," and remand is usually the appropriate remedy. *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013).

The entirety of the ALJ's discussion of the record related to Mr. Mayberry's physical impairments is as follows:

> The medical record reveals that the claimant has a history of chronic back pain. He takes pain medication but reports only minimal relief . . .He has been diagnosed with lumbar radiculopathy and cervicalgia. . .Upon physical examination, bilateral sacroiliac tenderness at both SI joints was observed . . .Despite these issues, his gait and station have been described as normal . . .Providers also observed no edema . . .Imaging showed only mild degenerative changes at the facet joints of L5-S1 and normal alignment . . .Likewise, imaging of the cervical spine showed no acute abnormalities.

(Tr. 34). The ALJ gives no indication of what specified evidence he relied on to determine or support his RFC. He assigned no weight to the opinions of the State Agency non- examining consultants (Tr. 35) because he indicated that these opinions were issued prior to the relevant period in Mr. Mayberry's claim. In fact, the only evidence to which he assigned even partial weight was the Third-Party Report submitted by Mr. Mayberry's mother in 2014. (Tr. 36). There is no other indication as to what evidence the ALJ bases his RFC conclusions that Mr. Mayberry can perform medium work with only occasional climbing; further, the ALJ offers no explanation for his determination that Mr. Mayberry would be expected to be off task for nine percent of the eight-hour workday (Tr. 33). The ALJ never reconciles the evidence that Mr. Mayberry experienced difficulty working in a seated position on a part-time basis (working 3-5 hours 2-3 days a week as he was able) with his RFC findings. Finally, the ALJ did not reconcile

4

his findings that Mr. Mayberry's pain, among other limitations, would cause mild to moderate limitations in Mr. Mayberry's ability to understand, remember or apply information, interact with others and concentrate, persist or maintain pace (Tr. 32-33) with his determination that Mr. Mayberry's pain would not prevent him from performing almost the full range of physical demands of work performed at the medium level of exertion.

The Court acknowledges that in formulating a RFC, the ALJ is not required to discuss each and every piece of evidence. *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)). The ALJ is, however, required to build a logical bridge from the evidence of record to his conclusion. *Monroe*, 826 F.3d at 189. A failure to provide an adequate explanation frustrates the ability of the Court to conduct meaningful review and determine whether the ALJ's decision is supported by substantial evidence. *Mascio*, 780 F.3d at 636, 638. Thus, this matter must be remanded for further consideration.

## V. Conclusion

The undersigned has carefully reviewed the decision of the ALJ and Appeals Council, the transcript of the proceedings, Plaintiff's motion and briefs, the Commissioner's responsive pleadings, and Plaintiff's assignments of error. Because the ALJ did not properly assess Plaintiff's residual functional capacity, the case must be remanded.

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **VACATED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. No. 12) is **GRANTED**;

(3) Commissioner's Motion for Summary Judgment (Doc. 16) is **DENIED**; and

(4) the matter is hereby **REMANDED** for further consideration.

**SO ORDERED.**

Signed: July 23, 2018

Graham C. Mullen
United States District Judge